IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00133-MR

| | |
|---|---|
| **JOHNNY E. SETZER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **ERIK A. HOOKS, Secretary, North** ) | |
| **Carolina Department of Public Safety,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's "Document of Explanation for Untimely Procedur[al] Default" [Doc. 6].

**I.    BACKGROUND**

The Petitioner Johnny E. Setzer is a prisoner of the State of North Carolina who, according to his Petition, pled guilty on September 24, 2014, in Caldwell County Superior Court to felony breaking and entering and larceny and to attaining the status of habitual felon. He was sentenced to 88-118 months in prison.

The Petitioner filed a motion for appropriate relief ("MAR") in the Caldwell County Superior Court on May 30, 2019. [Doc. 1-1 at 3]. He raised the following claims: 1) that his criminal record level was miscalculated at

sentencing, resulting in an erroneously enhanced sentence; and 2) that a change in state sentencing law should be retroactively applied to reduce his sentence. [See id. at 1-2]. The trial court denied the Petitioner's MAR on June 17, 2019, and his motion to reconsider on July 12, 2019. [Doc. 1-1 at 4]. The Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the trial court's orders, which was denied on August 30, 2019. [Doc. 1-1 at 9].

The Petitioner filed the instant § 2254 Petition on October 15, 2019, claiming that the prosecutor pursued "a more serious charge for the sentencing points level" (Grounds One, Three), and that trial counsel was ineffective (Ground Two). [Doc. 1]. On November 18, 2019, the Court[1] entered an Order directing the Petitioner to show cause why this case should not be dismissed as untimely and as procedurally defaulted. [Doc. 4]. The Petitioner filed a timely response. [Doc. 6].

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any

---

[1] The Honorable Frank D. Whitney, United States District Judge, presiding. This matter was subsequently reassigned to the undersigned.

attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the Court "has the power to raise affirmative defenses *sua sponte*," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). However, the Court may dismiss a petition as untimely under Rule 4 only if it is clear that the petition is untimely and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for a § 2254 petition by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

3

> Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

As the Court noted previously [Doc. 4], the Petitioner's Petition was not filed within one year of his judgment becoming final. See 28 U.S.C. § 2254(d)(1)(A). Thus, unless the Petitioner can demonstrate that subsections (B), (C) or (D) are applicable, or that there is a basis for equitable tolling, his Petition is subject to dismissal as being untimely.

In his Response to the Court's Order, the Petitioner argues that his Petition should be considered timely under § 2244(d)(1)(D) on the grounds of newly discovered evidence. Specifically, he contends that, on May 10, 2019, approximately three weeks after he filed his MAR, he received his prior record level worksheet from the Caldwell County Superior Court. The Petitioner contends that this worksheet demonstrates that he was deprived of due process and equal protection and that he received ineffective assistance of counsel in the trial court. [Doc. 6 at 1, 3].

This argument is without merit. First, the Petitioner's prior record level worksheet was part of the court record. As such, any information contained

4

within the Petitioner's prior record level worksheet does not, by its nature, constitute "newly discovered evidence."  In any event, under § 2244(d)(1)(D), a claim of newly discovered evidence must be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovery through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Thus, "by its terms, § 2244(d)(1)(D) is triggered not when a petitioner *actually* learns of some pertinent information from newly-discovered evidence; rather, it commences when he '*could have . . . discovered*' it."  Sawyer v. Kiser, No. 1:16cv40 (GBL/TCB), 2017 WL 631574, at *4 (E.D. Va. Feb. 15, 2017).  Here, the Petitioner pled guilty to being a habitual felon in September 2014.  The calculation of the Petitioner's prior record level was a necessary and essential part of his sentencing.  Thus, whatever information the Petitioner gleaned from this worksheet could have been discovered much earlier than May 2019.

For these reasons, the Court concludes that the Petitioner's Petition cannot be considered timely filed under § 2244(d)(1)(D).[2]

---

[2] Even assuming that the Petitioner could show that his Petition was timely filed under § 2244(d)(1)(D), the Petitioner makes no argument as to why his claims should not be dismissed on the basis of procedural default.

5

## IV. CONCLUSION

For the reasons stated herein, the Petition for Writ of Habeas Corpus is untimely under 28 U.S.C. § 2244(d)(1). Accordingly, the § 2254 Petition shall be dismissed.

The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. Accordingly, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

# **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] is **DISMISSED** as untimely pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 12, 2020

Martin Reidinger
Chief United States District Judge